UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE TROTTIER, and
CAITLIN TROTTIER,

      Plaintiff,

v.

FIRST BANK OF UPPER
MICHIGAN,

      Defendant
_____/

Case No. 2:24-cv-00113

Hon. Jane M. Beckering
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

*Pro se* Plaintiffs Michelle Trottier and Caitlin Trottier filed a complaint against First Bank of Upper Michigan. (ECF No. 1.) Plaintiffs were granted *in forma pauperis* status on July 11, 2024. (ECF No. 5.)

Plaintiffs filed their complaint on July 9, 2024. (ECF No. 1.) The complaint alleges that the original mortgage on the property owned by Michelle Trottier and her husband David Trottier was made without Michelle Trottier's knowledge, in violation of State law. The initial mortgage was made between the bank and David Trottier without obtaining Michelle Trottier's consent or signature on the mortgage. After David Trottier passed away, Michelle Trottier obtained an installment loan from the bank to cover funeral expenses. The complaint does not allege that the installment loan is a home equity loan, or that the home was collateral for the loan. Michelle Trottier alleges that this second loan violated the Truth and Lending Act,

1

15 U.S.C. § 1601, *et. seq,* because the bank failed to disclose "the cost of credit and the inclusion of additional individual debts of the deceased spouse in the loan agreement." (ECF No. 1, PageID.3.)  After Michelle Trottier defaulted on the mortgage, the bank began foreclosure proceedings.  Plaintiffs request that the Court (1) declare the mortgage voidable under Michigan law due to lack of spousal consent, and (2) enter a permanent injunction to stop the foreclosure proceedings and further request restitution.  Plaintiffs request restitution under the Truth and Lending Act for violations regarding the installment loan.  Plaintiffs request compensatory and punitive damages for emotional distress and other losses, and an award of attorney fees and costs, as well as other relief the Court deems proper.

Plaintiff Michelle Trottier did not sign the complaint and she is not represented by an attorney.  Thus, pursuant to Fed. R. Civ. P. 11(a), she was required to sign the complaint.

Michelle Trottier's daughter, Caitlin Trottier, signed the complaint.  (*See* ECF No. 1, PageID.6.)  Caitlin Trottier's signature on the complaint indicates that she is proceeding pro se.  (*Id.*)  Caitlin Trottier also brings her own cause of action against the bank.  She says that the bank foreclosure proceeding caused her psychological harm, and she asserts an intentional infliction of emotional distress claim under Michigan law.  Caitlin Trottier also seeks to represent her mother Michelle Trottier in this action as her "power of attorney" and the person who "was the main source of communication with the lender." (*Id.*, PageID.2.)  Caitlin Trottier has not alleged that she had an ownership interest in the mortgaged property or that she is an

2

attorney licensed to practice law in this Court.

The complaint alleges one federal cause of action under the Truth and Lending Act, 15 U.S.C. § 1601 *et sq.*, and five separate state law causes of action including: a violation of the Michigan Consumer Protection Act, fraud and misrepresentation, intentional infliction of emotional distress, undue influence and duress, and a violation of Michigan Elder Law.

Assuming for sake of argument, that the complaint states a federal cause of action under the Truth and Lending Act, this Court can exercise discretion to hear the State law claims through supplemental jurisdiction. However, the Court should not exercise supplemental jurisdiction over State law claims that predominate in the complaint. 28 U.S.C. § 1367(c)(2).

As will be explained in greater detail below, there are four problems with the Plaintiffs' complaint and with Caitlin Trottier's proposed representation of Michelle Trottier.

First, the Truth and Lending Act claim is Michelle Trottier's claim and not Caitlin Trottier's claim, because Michelle Trottier alleges that she received a loan from the bank. Caitlin Trottier does not allege that she was a party to the loan. In addition, as alleged, the claim is questionable and fails to state a claim upon which relief may be granted.

Second, Caitlin Trottier is not an attorney and, as a *pro se* litigant, she cannot represent her mother in this action despite having power of attorney over her mother's financial and medical decisions. Relatedly, the complaint only bears Caitlin

3

Trottier's signature. However, pursuant to Fed. R. Civ. P. 11(a), Michelle Trottier, who is unrepresented, must sign the complaint.

Third, Caitlin Trottier has not asserted an actionable federal cause of action against the bank, so she cannot assert an intentional infliction of emotional distress claim based upon Michigan law because there exists no supplemental jurisdiction for Caitlin Trottier's State law claim.

Fourth, Michelle Trottier's overall claim is primarily an attempt to stop a foreclosure proceeding by asserting various laws of the State of Michigan were violated by the bank. The state law claims predominate in the complaint and, as alleged, appear unrelated to the installment loan claim brought under the Truth and Lending Act.

Accordingly, the undersigned respectfully recommends that the Court dismiss Caitlin Trottier from this action and enter an order indicating that Michelle Trottier's Truth and Lending Act claim will be dismissed within 30 days unless she signs her complaint, or retains an attorney who files an amended complaint on her behalf stating a claim for relief under the Truth and Lending Act.

It is further recommended that the Court decline to exercise supplemental jurisdiction and dismiss the State law claims asserted in the complaint.

## II. Analysis

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim upon

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiffs assert one federal cause of action – a claim under the Truth and Lending Act. The Act provides in part that financial institutions are required "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the

5

uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). Michelle Trottier alleges that the loan that she received from the bank on or about October 20, 2022, to cover the costs of funeral expenses for her spouse violated the Act because:

> Defendant misrepresented the actual amount needed for funeral expenses, stating it was solely for that purpose while including additional debts of the deceased spouse. The amount offered to Plaintiff Michelle Trottier was double the cost of the funeral expenses.

(ECF No. 1, PageID.2.)

Whether this states a cause of action under the Truth and Lending Act is questionable, at best. Michelle Trottier does not allege that the bank forced her to take a specific loan amount or more importantly failed to disclose any specific credit terms. In the normal course of obtaining a bank loan, the person seeking the loan asks for an amount of money. The bank is concerned with getting the money repaid with interest. The bank will loan an amount of money to an individual if it believes the individual will pay back with interest. But the individual decides how much money they need in the form of a loan. In general, no one is forced to take more than they need, and a bank does not tell an individual what they will need. Plaintiffs have not indicated that the bank was involved in a relationship with the funeral home or was somehow involved in determining how much the funeral home would charge. At best, Plaintiff's claim under the Truth and Lending Act is confusing. It appears that the entire purpose of the Truth and Lending Act claim is to get the Court to exercise supplemental jurisdiction over a claim that arises under State law involving a routine home foreclosure.

Overarching this, Caitlin Trottier, a non-attorney, signed the complaint and states that she has power of attorney to represent her mother in this proceeding. Under federal law: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The grant of a full power of attorney is not sufficient to allow a non-attorney to represent another in a federal proceeding. *Federal Home Loan Mortgage Corporation v. Savage*, 2013 WL 12181864, *7 (E.D. Mich. April 8, 2013).

In *Barnett v. Michigan Department of Corrections*, No. 1:23-cv-760, 2023 WL 4945087 (W.D. Mich. Aug. 3, 2023), this Court stated that the non-attorney mother of a plaintiff may not represent her son in a federal lawsuit even where she has power of attorney over her son's affairs. The Court explained the rationale for this rule:

> Even assuming that Ms. Brousseau holds a valid power of attorney that allows her to institute a lawsuit on behalf of Plaintiff as his agent, she does not have the authority to practice law by representing Plaintiff in this lawsuit without a licensed attorney. A party in federal court must proceed either through a licensed attorney or on his or her own behalf. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (affirming the dismissal of the complaint with prejudice that was filed pursuant to a general power of attorney); *J.M. Huber Corp. v. Roberts*, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (notice of appeal signed by a nonlawyer pursuant to a power of attorney ineffective to give rise to appellate jurisdiction); *Walsh v. Internal Revenue Serv.*, No. 1:08-cv-1132 (W.D. Mich. Oct. 12, 2009), *report and recommendation adopted by* 2009 WL 4261212 (W.D. Mich. Nov. 24, 2009); *Kapp v. Booker*, No. Civ. A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb.16, 2006).

*Id.* at *2. For these same reasons, Caitlin Trottier cannot represent her mother

7

Michelle Trottier in this proceeding. Furthermore, Michelle Trottier has not signed her complaint, in violation of Fed. R. Civ. P. 11(a), which requires unrepresented parties to sign their pleadings.

Plaintiff Michelle Trottier filed this lawsuit to contest the foreclosure of her home. She asserts several state law claims contesting the foreclosure proceedings brought by the bank. Those state law claims predominate both numerically and over the subject matter of the complaint. Here the Court has original jurisdiction over Plaintiff Michelle Trottier's Truth and Lending Act claim. 28 U.S.C. 1331. The Court has discretion to exercise supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367. However, a district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In the opinion of the undersigned, the State law claims predominate over Plaintiffs' Truth and Lending Act claim. Plaintiff Michelle Trottier is challenging the foreclosure proceeding under State law and the relief she requests is a halt of the foreclosure proceedings. (ECF No.1, PageID.5-6.) She requests an injunction to "halt the foreclosure proceedings" and for the Court to find the "mortgage agreement

voidable due to lack of spousal consent." (*Id.*, PageID.5.) As for the alleged Truth and Lending Act violation, if there is one, Plaintiff Michelle Trottier requests "restitution". (*Id.*, PageID.6.) A federal court should decline to exercise supplemental jurisdiction where a Plaintiff attempts to bring a wrongful foreclosure case under State law in federal court by adding an unrelated federal cause of action to the lawsuit. *Halliday v. Banc of America Funding Corp.*, 1:19-cv-231, 2019 WL 13293210 (W.D. Mich. April 2, 2019).

## IV. Recommendation

The undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction over the State law claims and dismiss the State law claims asserted in Plaintiffs' complaint without prejudice.

It is further recommended that the Court dismiss Caitlin Trottier as a Plaintiff in this action.

Finally, it is recommended that the Court order that Michelle Trottier's Truth and Lending Act claim will be dismissed within 30 days unless she signs her complaint, or retains an attorney who files an amended complaint on her behalf stating a claim for relief under the Truth and Lending Act.[1]

Dated:  September 10, 2024                    /s/ *Maarten Vermaat*
                                              MAARTEN VERMAAT
                                              U. S. MAGISTRATE JUDGE

---

[1]    Michelle Trottier's amended complaint must state a cause of action under the Truth and Lending Act that complies with Fed. R. Civ. P. 8 and *Twombly*.

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).